ANDERSON & KARRENBERG
Thomas R. Karrenberg (#3726)
Heather M. Sneddon (#9520)
50 West Broadway, Suite 700
Salt Lake City, Utah 84101
Tel: (801) 534-1700
Fax: (801) 364-7697

**Attorneys for StorageCraft Technology Corporation**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STORAGECRAFT TECHNOLOGY CORPORATION, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES KIRBY, an individual, and JOHN DOES 1-10,<br><br>Defendants. | **STIPULATED PROTECTIVE ORDER**<br><br>Case No. 2:08-cv-00921<br><br>Judge Dee Benson |

Based on the Stipulation and Joint Motion for Entry of Protective Order filed by Plaintiff StorageCraft Technology Corporation ("Plaintiff") and Defendant James Kirby ("Defendant") ("Party" or "Parties") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and for good cause shown,

IT IS HEREBY ORDERED THAT:

1. Any document, or portion thereof, and any other form of evidence or discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure may be designated by a Party as "*CONFIDENTIAL*" or "*HIGHLY CONFIDENTIAL*" in accordance with

the provisions of this Protective Order. "Confidential Information" as used in this Protective Order refers to documents, things, and information designated as either "*CONFIDENTIAL*" or "*HIGHLY CONFIDENTIAL*." By designating a document as "*CONFIDENTIAL*" or "*HIGHLY CONFIDENTIAL*," a Party represents that it has made a bona fide, good faith determination that the information is, in fact, entitled to the designation given it.

2. Documents, things, and information may properly be marked as "*CONFIDENTIAL*" under this Protective Order if a Party reasonably and in good faith believes that it contains trade secrets, intellectual property and other confidential information that the disclosing Party in good faith believes is not publicly known that would be valuable to third parties, including but not limited to the disclosing Party's actual or potential competitors, and that the disclosing Party would not normally reveal, and has not revealed, to third parties without an agreement to maintain it in confidence.

3. The following documents, things, and information may properly be marked as "*HIGHLY CONFIDENTIAL*" under this Protective Order: (a) Confidential Information the disclosure of which to the adverse party or the directors, officers, and employees of the adverse party is reasonably believed to cause the disclosing party competitive injury through its advertent or inadvertent use, and for which treatment of the information as CONFIDENTIAL is insufficient to protect against that competitive injury, and (b) a Party's computer source code or other information that the producing Party believes in good faith to be so commercially sensitive or confidential that disclosure to persons other than those authorized poses a risk of impairing the interests of the producing Party, and for which treatment of the information as CONFIDENTIAL is insufficient to protect against that injury. In no event shall a Party designate as "*HIGHLY CONFIDENTIAL*" information that the producing Party does not itself treat as confidential in the

usual course of its business. The Parties acknowledge and agree that the designation of information as *"HIGHLY CONFIDENTIAL"* can make litigation more difficult, costly and time consuming and, therefore, this designation shall be used as sparingly as possible.

4.      Confidential Information must be designated as follows:

a.      Documents or copies provided to another Party in response to discovery requests containing Confidential Information may be designated by any Party, or by any third party who produces documents or information in response to a subpoena or otherwise, as either *"CONFIDENTIAL"* or *"HIGHLY CONFIDENTIAL"* by marking the page or the pages on which the Confidential Information appears with the legend *"CONFIDENTIAL"* or *"HIGHLY CONFIDENTIAL."* Electronic information shall likewise bear such designation on the CD or other physical medium on which the electronic information is found.

b.      In lieu of marking the original of a document which contains Confidential Information prior to inspection, a Party may orally designate documents being produced for inspection as *"CONFIDENTIAL"* or *"HIGHLY CONFIDENTIAL,"* thereby making them subject to this Protective Order. However, copies of such documents ultimately produced must be marked *"CONFIDENTIAL"* or *"HIGHLY CONFIDENTIAL"* at the time any such documents are supplied to inspecting counsel in order to make such copies subject to this Protective Order.

c.      Confidential Information disclosed at a deposition, whether by testimony or use of a document or thing, may be designated as *"CONFIDENTIAL"* or *"HIGHLY CONFIDENTIAL"* by clearly indicating on the record at the deposition the specific testimony containing Confidential Information that is to be made subject to the provisions

of this Protective Order. Documents, things, or information not designated on the record of the deposition as "*CONFIDENTIAL*" or "*HIGHLY CONFIDENTIAL*" may thereafter be designated as such by notifying the other party in writing within seven (7) days of the receipt of the transcript of such deposition. During that seven (7) day period, the deposition transcript and any associated documents, things, and information shall be treated as HIGHLY CONFIDENTIAL. If a designation is made, each Party shall attach an appropriate notification of that fact to the deposition transcript and each copy thereof in its possession, custody or control.

      d.    Confidential Information contained in responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda or other papers filed with the Court, may be designated by prominently marking the cover, first page, or any page or pages of such documents containing Confidential Information with the legend "*CONFIDENTIAL*" or "*HIGHLY CONFIDENTIAL.*" Copies of such items shall be filed and maintained by the Court under seal pursuant to the provisions of Paragraph 9 hereof.

      e.    Tangible objects constituting or containing Confidential Information may be designated by affixing to the object or its container a label or tag marked "*CONFIDENTIAL*" or "*HIGHLY CONFIDENTIAL.*"

      f.    Notwithstanding any other provisions of the Order, any Party may designate as "*CONFIDENTIAL*" or "*HIGHLY CONFIDENTIAL*" any testimony of and/or documents produced by that Party's agent, sales representative, or technical or business consultant, or by any third party who produces documents or information in response to a subpoena or otherwise.

g. Should any person or entity with access to documents, things or information designated as *"CONFIDENTIAL"* or *"HIGHLY CONFIDENTIAL"* make copies, extracts, summaries, descriptions, projections and/or extrapolations of or from the documents, things or information designated as *"CONFIDENTIAL"* or *"HIGHLY CONFIDENTIAL"* or any portions thereof, such copies, extracts, summaries, descriptions, projections and/or extrapolations shall be stamped *"CONFIDENTIAL"* or *"HIGHLY CONFIDENTIAL"* consistent with the original information and treated as Confidential Information pursuant to the provisions of this Protective Order.

5. Confidential Information shall be used only for purposes of this litigation and not for any other purpose or function, including without limitation any business, patent prosecution, competitive or governmental purpose or function, and shall be disclosed and made available only to the following:

a. Outside Trial Counsel of record and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation; court reporters and videographers receiving or transcribing the documents, things or information in connection with official reporting (for example, at a deposition or a hearing); the Court and Court staff; outside photocopy, imaging, database, graphics, design, computer simulation modeling, exhibit production services, to the extent necessary to assist such Outside Trial Counsel for purposes of this litigation.

b. Experts and consultants (including translators) retained or employed by a Party's attorney solely for the purpose of assisting in the preparation of this litigation for trial and who are not currently employed by the Party, or formerly employed by the Party within the six month period prior their engagement. Provided, however, that such

5

retained or employed experts and consultants agree not to use the Confidential Information for any purpose other than assisting in the preparation of this matter for trial. The Parties further agree that they will not hire as employees the experts or consultants retained in this action to whom Confidential Information of the other Party was disclosed for a period of one year following the termination of this action.

Counsel for the Party intending to disclose Confidential Information to an expert or consultant shall first inquire whether that expert or consultant is currently affiliated with, employed by, or consulting with a competitor of the producing Party. If so, the Party intending to make such disclosures shall also give written notice to the producing Party at least 14 days prior to such intended disclosure setting forth the name of the consultant or expert, the identity of the competitor, the affiliation of the expert or consultant with the competitor and the specific nature of the work that such expert or consultant is performing for the competitor. The producing Party shall have the right to object during this 14 day period and no Confidential Information will be disclosed to the consultant or expert witness during this time period. Upon objecting, and if the Parties are unable to reach an agreement on the issue, the objecting Party must file a motion with the Court seeking to have the issue resolved within five days of making the objection. No Confidential Information shall be provided to the consultant or expert witness while the Motion is pending at the Court.

Any such expert or consultant, prior to receiving Confidential Information, shall sign an acknowledgment in the form of Exhibit A attached hereto and shall be subject to this Protective Order. A willful violation of any material term of this Protective Order by any such individual may be punishable as contempt of court.

c.  A third-party witness in the above-captioned case not otherwise authorized to view Confidential Information may view information designated *"CONFIDENTIAL"* in question during that third-party witness' testimony at a deposition, hearing, or trial in the above-captioned case, provided that: (1) the disclosure is made solely for the purpose of directly advancing the questioning Party's claims or defenses, and for no other purposes whatsoever; (2) the third-party witness is not permitted to retain the information designated *"CONFIDENTIAL"* after the third-party witness is examined regarding the information designated *"CONFIDENTIAL"*; and (3) the third-party witness is explicitly informed that this Protective Order forbids him or her to disclose the information designated *"CONFIDENTIAL"* except as permitted under the Protective Order and that he or she is subject to the Court's jurisdiction for purposes of enforcing this Protective Order.  A deposition witness may review the entire deposition transcript and exhibits thereto in order to review and sign pursuant to Federal Rule of Civil Procedure 30(e); however, the disclosing Party may object to the deponent further reviewing the information designated *"CONFIDENTIAL"* marked as a deposition exhibit.  If an objection is made, either Party may seek relief from the Court and the third-party witness shall not be permitted to review the information designated *"CONFIDENTIAL"* until the Court has ruled or disclosing Party withdraws its objection.

d.  Authors, addressees and recipients who appear on the face of a document designated *"CONFIDENTIAL"* or *"HIGHLY CONFIDENTIAL."*

e.  Documents and information designated *"HIGHLY CONFIDENTIAL"* may not be disclosed to the receiving Party or any officer, director, shareholder, or employee of the receiving Party, unless the Party producing the HIGHLY CONFIDENTIAL

7

information, or the Party designating a non-party's document production, deposition, or other discovery response as *"HIGHLY CONFIDENTIAL,"* agrees in writing to allow such access or the Court orders such access.

  f. Documents and information designated *"CONFIDENTIAL"* may be disclosed to a Party and its officers, directors, shareholders, or employees of a Party with whom it is necessary to consult regarding this litigation, provided such persons sign an acknowledgement in the form of Exhibit A hereto. Upon written request, counsel will provide copies of the acknowledgement signed by such persons.

  6. If the Party to whom *"CONFIDENTIAL"* or *"HIGHLY CONFIDENTIAL"* documents, things or information has been produced believes that any of the documents, things or information has been improperly designated, the receiving Party may at any time request the Party making the designation to cancel or change the designation with respect to any documents, things or information and to agree that thereafter such document, thing or information will no longer be subject to certain or all of the provisions of this Protective Order. Such request shall be in writing and shall particularly identify the information that is contested, including the reasons supporting the contentions. If the Party which produced the documents, things, or information objects to the requested declassification, the party seeking the declassification must, within 14 days of its receipt of the denial of its request to declassify, file and serve a motion bringing the issue to the Court's attention and requesting declassification. The Party making the designation shall have the burden of establishing that the particular document, thing, or information is properly classified as CONFIDENTIAL or HIGHLY CONFIDENTIAL as defined above. The party prevailing on any such motion shall be awarded its reasonable attorneys' fees and costs incurred in bringing or defending the motion.

7. No copies of documents, things or information designated as Confidential Information shall be received, kept, or maintained by persons other than those authorized to do so under this Protective Order. All persons to whom Confidential Information is disclosed shall use the same care and discretion to avoid disclosure of the Confidential Information as the receiving Party uses with its own similar information that it does not wish to disclose to prevent the unauthorized or inadvertent disclosure of any information designated as Confidential Information.

8. When a Party gives notice to another Party that, during an oral deposition, *"CONFIDENTIAL"* or *"HIGHLY CONFIDENTIAL"* documents, things or information are expected to be produced, used or discussed during the deposition, then only persons authorized to receive such information pursuant to this Protective Order will be allowed to attend that portion of the deposition on behalf of the receiving Party.

9. To the extent it is necessary to file with the Court any material containing or referring to any Confidential Information, the Parties shall comply with the applicable rules for filing such documents under seal with the Court.

10. Subject to the Federal Rules of Evidence, Confidential Information may be offered in evidence at trial or any court hearing in open court, provided that the Party offering the evidence gives three (3) days notice or, if three (3) days notice is not practicable under the circumstances, the best notice possible, to counsel for the Party or person that designated the document or information as *"CONFIDENTIAL"* or *"HIGHLY CONFIDENTIAL."* In no event shall any Party or non-party be permitted to offer into evidence at trial or any court hearing in open court any Confidential Information of another Party or non-party without providing prior notice of its intention to do so as set forth above. Any producing Party or non-party may move

the Court for an order that the evidence is to be received under conditions to prevent its disclosure to persons not entitled under this Protective Order to have access to it. The Court shall determine whether the proffered evidence should continue to be treated as *"CONFIDENTIAL"* or *"HIGHLY CONFIDENTIAL"* and, if so, what appropriate protection, if any, should be afforded such evidence at the trial or hearing.

11.  Each Party's production of any Confidential Information shall be solely for purposes of and use in this action, and those documents, things and information shall not be used for any other purpose or in any other action. If any other such document(s), thing(s), or information properly becomes a matter of public record without an order of Court causing the same to be retained under seal or retained in an otherwise confidential manner, then the Parties will have the same rights to utilize the document, things, or information as the public at large under the First Amendment.

12.  Within thirty (30) days after the conclusion of this action and any appeal taken herefrom, all documents, things, and other materials produced or designated as containing Confidential Information, and all reproductions thereof, shall be returned to the Party who produced them. Any Party may, at their option, destroy annotated copies or summaries of Confidential Information in lieu of returning those copies and summaries to the producing Party. Notwithstanding the foregoing, outside counsel for the parties shall be permitted to retain one copy of (a) materials created during the course of the lawsuit, including attorney annotations and other work product; (b) work product of testifying or non-testifying consultants/experts; (c) materials made a part of the Court record, or which have been filed under seal with the Court; (d) all depositions and Court transcripts, including exhibits; and (e) summaries of depositions.

Such file copies shall be maintained only by outside counsel subject to the terms of the Protective Order.

13. Notwithstanding the termination of this action, persons who have had access to Confidential Information shall remain subject to the terms of this Protective Order.

14. This Protective Order may be modified by written agreement of the Parties or by further order of the Court. Each Party shall also have the right to petition the Court to modify this Protective Order or for additional protection under Federal Rule of Civil Procedure 26(c).

**ENTERED** this 20 day of October, 2009.

~~THE HONORABLE DEE BENSON~~
~~UNITED STATES DISTRICT COURT~~
DAVID NUFFER
U.S. CHIEF MAGISTRATE JUDGE

So stipulated:


_/s/ Heather M. Sneddon_
Thomas R. Karrenberg
Heather M. Sneddon
**Attorneys for StorageCraft Technology Corp.**


_/s/ Richard F. Ensor_
Richard F. Ensor
(Signed by filing attorney with permission
of Richard F. Ensor)
**Attorney for James Kirby**

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STORAGECRAFT TECHNOLOGY CORPORATION, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES KIRBY, an individual, and JOHN DOES 1-10,<br><br>Defendants. | **AGREEMENT TO BE BOUND BY THE STIPULATED PROTECTIVE ORDER**<br><br><br>Case No. 2:08-cv-00921<br><br>Judge Dee Benson |

This is to certify that I have read and understand the Stipulated Protective Order (the "Order") entered in the above-captioned case and agree: (a) to be bound by the terms and conditions set forth in the Order; (b) not to reveal to anyone, other than persons listed in paragraph 5 of the Order, any documents, things or information designated under the Order as "*CONFIDENTIAL*"; (c) not to reveal to anyone, other than persons identified in paragraph 5 of the Order, any documents, things or information designated under the Order as "*HIGHLY CONFIDENTIAL*"; and (d) to utilize such documents, things and information solely for purposes of and in connection with the above-captioned action. In addition, I consent to the jurisdiction of the above-entitled Court for purposes of enforcing the Order. I agree that a willful violation of any material term of the Order may be punishable as contempt of court.

Dated: _____ _____

Signature

_____

Printed Name