IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STORAGECRAFT TECHNOLOGY CORPORATION, a Utah Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JAMES KIRBY, an individual, and JOHN DOES 1-10,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER REGARDING DISCOVERY MOTIONS**<br><br>Case No. 2:08-CV-921 DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge David Nuffer |

This order resolves three motions, all dealing with the same essential issue but in different settings. Plaintiff StorageCraft Technology Corporation (STC) seeks discovery (documents and deposition testimony) that Defendant James Kirby resists. The Motion for Protective Order[1] and Motion to Compel[2] were filed by these opposing parties on the same day and relate to production requests. The Motion to Compel Answers[3] relates to depositions.

**Background Facts**

The facts are not significantly in dispute. Defendant James Kirby was a principal in StorageCraft, Inc. which created and sold computer software for data storage.[4] In September 2004 StorageCraft, Inc. merged with another entity and Plaintiff STC was formed.[5] As part of

---

[1] Defendant James Kirby's Motion for Protective Order, docket no. 38, filed September 4, 2009.

[2] StorageCraft Technology Corporation's Motion to Compel Production of Documents, docket no. 39, filed September 4, 2009.

[3] StorageCraft Technology Corporation's Motion to Compel Answers to Deposition Questions, docket no. 44, filed September 22, 2009.

[4] Memorandum in Opposition to Motion to Compel Production of Documents at 4, ¶¶ 1-2, docket no. 46, filed September 22, 2009.

[5] Memorandum in Support of StorageCraft Technology Corporation's Motion to Compel Answers to Deposition Questions and In Opposition to Motion for Protective Order (Memo in Support of Motion to Compel Answers) at 4, ¶ 2, docket no. 49, filed September 22, 2009.

the merger, Mr. Kirby and his wife executed an Assignment and Transfer of Intellectual Property (IP Assignment) in favor of STC.[6]

On October 18, 2004, shortly after the merger, Kirby sent an e-mail allegedly stating he had certain intellectual property in his possession.[7] This would have violated the IP Assignment. The next month, on November 12, he resigned from STC[8] but Mr. and Mrs. Kirby retained their shares and their 35% ownership interest in STC.[9] One week later, on November 19, STC sued Mr. Kirby in Utah Third District Court (Salt Lake County) for misappropriation of trade secrets, breach of fiduciary duty, and breach of contract for retaining intellectual property.[10] The suit was settled by the parties' Settlement Agreement on October 19, 2005.[11] In that agreement, Mr. Kirby agreed that (1) he had returned all intellectual property in his possession, (2) he would not disclose any of STC's intellectual property to anyone, and that (3) he would help STC protect its intellectual property.[12] The firm of Burbidge, Mitchell and Gross represented Kirby in that suit.[13]

Before Kirby left STC in 2004, STC entered into a business relationship with NetJapan.[14] Much later, in October 2006, the NetJapan-STC relationship deteriorated[15] and in December

---

[6] *Id.* ¶ 4.

[7] Memorandum in Support of StorageCraft Technology Corporation's Motion to Compel (Memo in Support of Motion to Compel Production) at 4, ¶ 7, docket no. 40, filed 9/4/2009 (citing Complaint at ¶ 18, docket no. 2, filed November 28, 2008, also attached as Exhibit 1 to Declaration of Heather Sneddon (Sneddon Declaration), docket no. 42, filed September 4, 2009). *See also* Answer and Counterclaim at 3, ¶ 18, docket no. 10, filed January 15, 2009 (also attached as Exhibit 2 to Sneddon Declaration, docket no. 42).

[8] Memo in Support of Motion to Compel Answers at 5, ¶ 7.

[9] *Id.* at ¶ 5.

[10] *Id.* at ¶ 8.

[11] *Id.* at ¶10.

[12] *Id.* at 5-6, ¶¶ 11-12.

[13] *Id.* at 5, ¶ 9.

[14] *Id.* at 6, ¶15.

[15] *Id.* at 7-8, ¶¶ 16-19.

2006, NetJapan and STC engaged in litigation.[16] In the course of that lawsuit, in a deposition on June 13, 2008, STC learned that on December 11, 2006, Mr. Kirby allegedly gave a NetJapan representative a compact disc containing STC intellectual property (STC IP).[17] That alleged delivery is the substance of this lawsuit.[18] The compact disc delivered was an archived email file, and the STC IP was in the form of enclosures to emails in the archive.[19]

According to the deposition of the NetJapan representative who received the email archive, he "never reviewed the source code that Plaintiff complains about in this case."[20]

> Q: Do you recall reviewing any StorageCraft source code that was included in that PST file that Jamey Kirby delivered to you?
> A: No. I didn't review source code.
> Q: Were you aware that there was StorageCraft source code included in what Jamey Kirby delivered to you?
> A: I stated earlier I'm not an engineer, so I'm not – you know, I mean this to me looks like software. I don't know whether you call this source code or whatever. I don't know what source code is but, you know, I didn't – if I saw anything like that looked like this, I just simply went on to the next thing because I didn't know what it was. I wouldn't know how to evaluate whether this was interesting or not interesting.[21]

Also, that same individual who received the e-mail archive which included the STC IP said "the only person [he] ever gave this information was to his attorney."[22]

STC was also involved in a suit with Symantec in 2007.[23] Long before that suit, during his breakup with STC, Kirby sent Symantec an email in which he "expressed his clear disdain

---

[16] *Id.* at 8, ¶ 23.

[17] *Id.* at 9-10, ¶¶ 27-31.

[18] Memorandum in Support of Motion for Protective Order at 2, ¶ 3, docket no. 41, filed September 4, 2009.

[19] Memo in Support of Motion to Compel Answers at 10, ¶¶ 30-31.

[20] Memorandum in Support of Motion for Protective Order at 3, ¶ 10.

[21] Deposition of David Crocker at 154:16 – 155:78 (attached as Exhibit C to Memorandum in Support of Motion for Protective Order, docket no. 41).

[22] Memorandum in Support of Motion for Protective Order at 4, ¶11 (citing deposition of David Crocker at 136:14 - 137:14, 146:10 – 147:9, 150:6 – 151:13).

[23] Memo in Support of Motion to Compel Production at 7, ¶20.

for STC and its directors, stated that his communication to Symantec was motivated by 'revenge,' and [according to STC] provided Symantec with false information designed to spur Symantec into suing STC."[24]

## Discovery at Issue

Based on this factual history, STC has made three very broad production requests:

**REQUEST FOR PRODUCTION NO.1:** All documents that refer or relate to any communications between you and Burbidge Mitchell & Gross from June 2005 to the present.

**REQUEST FOR PRODUCTION NO.2:** All documents that refer or relate to any communications between you and NetJapan from June 2005 to the present.

**REQUEST FOR PRODUCTION NO.3:** All documents that refer or relate to any communications between you and Symantec from June 2005 to the present.[25]

In addition, STC wants Kirby and his wife to answer similarly broad deposition questions.

StorageCraft asks that the Court enter an order compelling the Kirbys to accurately, truthfully and completely answer questions concerning their relationship with NetJapan and its agents, attorneys, representatives, consultants, and contractors, including without limitation questions concerning:

• the origins and formation of their current relationship;
• the nature or purpose of the relationship;
• the terms of any contracts or agreements between them;
• the subject matter of any contracts or agreements between them;
• the work performed under such contracts or agreements;
• the products under development under such agreements;
• the Kirbys' disclosures of information, technology, and StorageCraft IP;
• the nature, extent, and substance of the Kirbys' communications; and
• the persons with whom the Kirbys have communicated.[26]

---

[24] *Id.*, ¶ 23; Memo in Support of Motion to Compel Answers at 12, ¶ 42.

[25] Second Set of Requests for Production of Documents to Defendant James Kirby at 5, attached as Exhibit D to Memorandum in Support of Motion for Protective Order, docket no. 41.

[26] Memo in Support of Motion to Compel Answers at 3.

## Discussion

Plaintiff is entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[27] All of Plaintiff's five causes of action in this case stem from one factual wrong alleged in the complaint:[28]

> In 2006, without StorageCraft's knowledge or consent, and in the offices of Redux Beverages in Murietta, CA, Kirby provided copies of highly confidential and trade secret information, including copies of the VSnap.sys source code, to a third party, David Crocker.[29]

This alleged wrong is the proper boundary for Plaintiff's discovery. The discovery Plaintiff seeks is far beyond this allegation or anything supporting it. STC has alleged one wrongful act and may ask what happened to the IP allegedly delivered and develop evidence of its damages from that act. But it may not search for other wrongful acts without any evidence that such acts occurred.

STC says "The purpose of fact discovery is just that-to discover unknown or uncertain facts."[30] But *the facts to be discovered have to be related to the claims in the suit*. The claims in this case are about the single alleged transfer. STC admits this. "STC has evidence that Kirby has committed an express breach of that Agreement, which evidence fully satisfies STC's obligations under Rule 11 . . . ."[31] But STC extrapolates impermissibly, saying this "entitles STC to discover if there are any further breaches."[32] STC's claim is not that Kirby has wrongfully held and transferred its IP in general; only that he did it in one instance.

---

[27] Fed. R. Civ. P. 26(b)(1).

[28] Memorandum in Support of Motion for Protective Order at 2, ¶ 3.

[29] Complaint at 5, ¶ 27, docket no. 2, filed November 26, 2008.

[30] Reply Memorandum in Support of Motion to Compel Answers at 1, docket no. 60, filed October 30, 2009.

[31] Reply Memorandum in Support of Motion to Compel Production at 3, docket no. 53, filed October 5, 2009.

[32] *Id.*

STC does its best to marshal facts supporting its quest for evidence of unknown wrongs,[33] but admits that all its evidence only gives it "*reason to believe* that Kirby *may* have further breached the parties' agreements and misappropriated STC's intellectual property."[34] Reasonable suspicion of a possibility is not a basis for civil discovery.

The rationale for investigation of Kirby's former counsel (who was also counsel for NetJapan) and Symantec is even weaker than the argument for more discovery of the Kirby-NetJapan relationship.[35] STC's quest for such excessively broad discovery is reflective of the current attitude that a complaint is a key opening unlimited doors, and that the opportunity for discovery requires a diligent attorney to pursue every avenue. The sweeping breadth of STC's proposed quest, based on the single wrongful act alleged is an extreme demonstration of the loss of perspective that can occur. Formulas that guide counsel and courts in defining discovery limits are hard to generalize, but this motion can remind us that one claim should not authorize sweeping inquiry at different times, related to different parties, and different subjects. The protective order against the requests for production and denial of the motions to compel will facilitate the "just, speedy and inexpensive determination"[36] of this case.

---

[33] *Id*. at 4; Reply Memorandum in Support of Motion to Compel Answers at 2-3.

[34] Reply Memorandum in Support of Motion to Compel Answers at 2 (emphasis added).

[35] "[B]ecause Burbidge, Mitchell & Gross represented NetJapan in the NetJapan Lawsuit that was instigated only three days after Mr. Crocker's meeting with Kirby, STC is reasonable in its belief that Kirby also disseminated the information to Burbidge, Mitchell & Gross, entitling STC to discover Kirby's communications with that law firm as well."

Memo in Support of Motion to Compel Production at 13.

Finally, StorageCraft is entitled to discover Mr. Kirby's communications with Burbidge, Mitchell & Gross during their representation of NetJapan. Mr. Kirby testified that he was not represented by Burbidge, Mitchell & Gross during its representation of NetJapan, and Mr. Kirby's communications with the law firm representing his new employer are certainly relevant to the nature and extent of Kirby's relationship with NetJapan.

Memo in Support of Motion to Compel Answers at 20.

[36] Fed. R. Civ. P. 1.

## ORDER

Based on the reasoning above, IT IS HEREBY ORDERED that:

1. The Motion for Protective Order[37] is GRANTED;

2. The Motion to Compel Production of Documents[38] is DENIED; and

3. The Motion to Compel Answers to Deposition Questions[39] is DENIED.

Dated this 23rd day of December, 2009.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[37] Docket no. 38.

[38] Docket no. 39.

[39] Docket no. 44.