IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STORAGECRAFT TECHNOLOGY CORPORATION, a Utah Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JAMES KIRBY, an individual, and JOHN DOES 1-10,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART STORAGECRAFT TECHNOLOGY CORPORATION'S MOTION TO AMEND STIPULATED PROTECTIVE ORDER**<br><br>Case No. 2:08-CV-921 DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge David Nuffer |

Plaintiff StorageCraft Technology Corporation (STC) has submitted a motion to amend[1] the Stipulated Protective Order, and Defendant James Kirby resists. STC's motion is GRANTED IN PART, as provided herein.

## Background Facts

Defendant James Kirby was a principal in StorageCraft, Inc. which created and sold computer software for data storage.[2] In September 2004 StorageCraft, Inc. merged with another entity and Plaintiff STC was formed.[3] As part of the merger, Mr. Kirby and his wife executed an Assignment and Transfer of Intellectual Property (IP Assignment) in favor of STC.[4]

---

[1] StorageCraft Technology Corporation's Motion to Amend Stipulated Protective Order, docket no. 79, filed June 18, 2010.

[2] Memorandum in Opposition to Motion to Compel Production of Documents at 4, ¶¶ 1-2, docket no. 46, filed September 22, 2009.

[3] Memorandum in Support of StorageCraft Technology Corporation's Motion to Compel Answers to Deposition Questions and In Opposition to Motion for Protective Order (Memo in Support of Motion to Compel Answers) at 4, ¶ 2, docket no. 49, filed September 22, 2009.

[4] *Id.* ¶ 4.

On October 18, 2004, shortly after the merger, Kirby sent an e-mail allegedly stating he had certain intellectual property in his possession.[5] This would have violated the IP Assignment. The next month, on November 12, he resigned from STC[6] but Mr. and Mrs. Kirby retained their shares and their 35% ownership interest in STC.[7] One week later, on November 19, STC sued Mr. Kirby in Utah Third District Court (Salt Lake County) for misappropriation of trade secrets, breach of fiduciary duty, and breach of contract for retaining intellectual property.[8] The suit was settled by the parties' Settlement Agreement on October 19, 2005.[9] In that agreement, Mr. Kirby agreed that (1) he had returned all intellectual property in his possession, (2) he would not disclose any of STC's intellectual property to anyone, and that (3) he would help STC protect its intellectual property.[10]

Before Kirby left STC in 2004, STC entered into a business relationship with NetJapan.[11] Much later, in October 2006, the NetJapan-STC relationship deteriorated[12] and in December 2006, NetJapan and STC engaged in litigation.[13] In the course of that lawsuit, in a deposition on June 13, 2008, STC learned that on December 11, 2006, Mr. Kirby allegedly gave a NetJapan representative a compact disc containing STC intellectual property (STC IP).[14] That alleged

---

[5] Memorandum in Support of StorageCraft Technology Corporation's Motion to Compel (Memo in Support of Motion to Compel Production) at 4, ¶ 7, docket no. 40, filed 9/4/2009 (citing Complaint at ¶ 18, docket no. 2, filed November 28, 2008, also attached as Exhibit 1 to Declaration of Heather Sneddon (Sneddon Declaration), docket no. 42, filed September 4, 2009). *See also* Answer and Counterclaim at 3, ¶ 18, docket no. 10, filed January 15, 2009 (also attached as Exhibit 2 to Sneddon Declaration, docket no. 42).

[6] Memo in Support of Motion to Compel Answers at 5, ¶ 7.

[7] *Id.* at ¶ 5.

[8] *Id.* at ¶ 8.

[9] *Id.* at ¶10.

[10] *Id.* at 5-6, ¶¶ 11-12.

[11] *Id.* at 6, ¶15.

[12] *Id.* at 7-8, ¶¶ 16-19.

[13] *Id.* at 8, ¶ 23.

[14] *Id.* at 9-10, ¶¶ 27-31.

delivery is the substance of this lawsuit.[15] The compact disc delivered was an archived email file, and the STC IP was in the form of enclosures to emails in the archive.[16]

According to the deposition of David Crocker, the NetJapan representative who received the email archive, he "never reviewed the source code that Plaintiff complains about in this case."[17]

> Q: Do you recall reviewing any StorageCraft source code that was included in that PST file that Jamey Kirby delivered to you?
> A: No. I didn't review source code.
> Q: Were you aware that there was StorageCraft source code included in what Jamey Kirby delivered to you?
> A: I stated earlier I'm not an engineer, so I'm not – you know, I mean this to me looks like software. I don't know whether you call this source code or whatever. I don't know what source code is but, you know, I didn't – if I saw anything like that looked like this, I just simply went on to the next thing because I didn't know what it was. I wouldn't know how to evaluate whether this was interesting or not interesting.[18]

Also, Mr. Crocker said "the only person [he] ever gave this information was to his attorney."[19]

STC was also involved in a suit with Symantec in 2007.[20] Long before that suit, during his breakup with STC, Kirby sent Symantec an email in which he "expressed his clear disdain for STC and its directors, stated that his communication to Symantec was motivated by 'revenge,' and [according to STC] provided Symantec with false information designed to spur Symantec into suing STC."[21]

---

[15] Memorandum in Support of Motion for Protective Order at 2, ¶ 3, docket no. 41, filed September 4, 2009.

[16] Memo in Support of Motion to Compel Answers at 10, ¶¶ 30-31.

[17] Memorandum in Support of Motion for Protective Order at 3, ¶ 10.

[18] Deposition of David Crocker at 154:16 – 155:78 (attached as Exhibit C to Memorandum in Support of Motion for Protective Order, docket no. 41).

[19] Memorandum in Support of Motion for Protective Order at 4, ¶11 (citing deposition of David Crocker at 136:14 - 137:14, 146:10 – 147:9, 150:6 – 151:13).

[20] Memo in Support of Motion to Compel Production at 7, ¶20.

[21] *Id.* ¶ 23; Memo in Support of Motion to Compel Answers at 12, ¶ 42.

**Stipulated Protective Order**

The parties agreed to a Stipulated Protective Order that was entered by this court in October 2009.[22] Pursuant to that Protective Order, evidence could be designated by a party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."[23] Documents marked as "CONFIDENTIAL" could be disclosed to the parties, their counsel, and experts only.[24] Documents marked as "HIGHLY CONFIDENTIAL" could be disclosed only to counsel and experts, but not the opposing party.[25] The Protective Order specifically provided that a party's computer source code may properly be marked as "HIGHLY CONFIDENTIAL."[26] The Protective Order also states that "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information may be made available to "authors, addressees and recipients who appear on the face of a document designated 'CONFIDENTIAL' or 'HIGHLY CONFIDENTIAL.'"[27] That latter provision is apparently designed to facilitate inquiry and deposition of persons with knowledge about documents.

STC subpoenaed the contents of the compact disk (containing the archived email) that Mr. Kirby allegedly sent to NetJapan.[28] STC produced "tens of thousands of emails on the Kirby Disc" and "designated virtually all of the e-mails 'CONFIDENTIAL' permitting Kirby to view

---

[22] Stipulated Protective Order, docket no. 57, filed October 20, 2009.

[23] *Id.* at 1.

[24] *Id.* at 8.

[25] *Id.* at 7-8.

[26] *Id.* at 2.

[27] *Id.* at 7.

[28] Memorandum in Support of StorageCraft Technology Corporation's Motion to Amend Stipulated Protective Order (Memorandum in Support) at v, docket no. 82, filed under seal, June 18, 2010.

the emails, with the exception of the rare few that appear to actually contain source code . . . which STC has designated 'HIGHLY CONFIDENTIAL.'"[29]

STC believes that Mr. Kirby desires to use a loophole in the Protective Order to gain access to STC's source code contained in the emails.[30] As a party to the suit, Mr. Kirby is not authorized to view "HIGHLY CONFIDENTIAL" evidence. Mr. Kirby is, however, allowed to view "HIGHLY CONFIDENTIAL" evidence he authored or received if he is identified as the author or receiver "on the face of a document."[31] Mr. Kirby claims he is entitled to view the source code under this provision.

STC requests the court amend the Protective Order to allow authors, addressees and recipients to only view documents designated "CONFIDENTIAL" and not "HIGHLY CONFIDENTIAL."[32] STC's desired outcome resulting from the modification is to ensure that parties to the lawsuit will not view "HIGHLY CONFIDENTIAL" information, and specifically that Mr. Kirby not have access to the source code.

Mr. Kirby argues that the "documents at issue are emails that Kirby has seen before, as they were purportedly in his sent or received email file on the CD provided to Crocker [NetJapan]."[33] Mr. Kirby asserts that he needs to review the source code enclosures to determine whether the documents are full copies of the code and discuss these documents with his counsel to prepare for trial.[34] STC claims that this case is not about *what* the source code says, but

---

[29] *Id.* at vii.

[30] *Id.* at 2.

[31] Stipulated Protective Order at 7.

[32] *Id.* at viii.

[33] Defendant's Opposition to Plaintiff's Motion to Amend Stipulated Protective Order at 3, docket no. 89, filed under seal, July 8, 2010.

[34] *Id.*

whether Mr. Kirby disseminated STC's source code to an unauthorized party.[35]  Further, STC claims Kirby's expert will have adequate access to the source code.[36]

## Discussion

A court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."[37]  The court should weigh a party's need for protection against the other party's need for disclosure.[38]

STC has established the need for protection.  STC claims Mr. Kirby's access to its source code would compromise STC's trade secrets.[39]  STC has implemented both internal and external safeguards to protect its code.[40]  Mr. Kirby himself has acknowledged the need for this protection and his own exclusion from access.  In the previous settlement agreement, Mr. Kirby agreed that (1) he had returned all intellectual property in his possession, (2) he would not disclose any of STC's intellectual property to anyone, and that (3) he would help STC protect its intellectual property.[41]

As to the need for amendment, it is not clear on this record whether the alleged "loophole" would give Mr. Kirby access to the source code.  Neither party has stated whether Kirby's capacity as author or recipient appears "on the face" of the source code enclosures.

---

[35] Memorandum in Support at 7.

[36] *Id.* at iii, 6-7.

[37] Fed. R. Civ. P. 26(c)(1)(G).

[38] Fed. R. Civ. P. 26(c) 1970 advisory committee's note.

[39] Memorandum in Support at 3.

[40] *Id.*

[41] Memo in Support of Motion to Compel Answers at 5-6 ¶¶ 11-12.

Further, the amendment sought is probably a little broad. If the amendment is granted, a deponent could not be asked about a document the deponent clearly authored or received.

STC's action in marking the emails themselves "HIGHLY CONFIDENTIAL" is also a little broad. Kirby authored the emails he sent. His author status likely appears on the face of the emails.

STC has asserted, and Mr. Kirby has not disputed, that a vast majority of the emails in question have been marked "CONFIDENTIAL." STC makes no argument that the email messages themselves now designated as "HIGHLY CONFIDENTIAL" need to be withheld from Mr. Kirby – just that the source code attachments should be withheld.

The remedy to fit this problem is to bar Mr. Kirby from access to the STC source code. The Protective Order will be amended accordingly.

**ORDER**

IT IS HEREBY ORDERED that STC's motion[42] to amend the Stipulated Protective Order[43] is GRANTED IN PART as provided herein. Section 5(h) is added to read:

> Notwithstanding any other provision of this Protective Order James Kirby shall not have access to STC's computer source code.

Dated July 31, 2010.

BY THE COURT:

_David Nuffer_
David Nuffer
U.S. Magistrate Judge

---

[42] StorageCraft Technology Corporation's Motion to Amend Stipulated Protective Order, docket no. 79, filed June 18, 2010.

[43] Stipulated Protective Order, docket no. 57, filed October 20, 2009.