This is a redacted version of an order filed under seal as docket no. 180 on January 3, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STORAGECRAFT TECHNOLOGY CORPORATION, a Utah Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JAMES KIRBY, an individual, and JOHN DOES 1-10,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION TO MOTION TO COMPEL<br><br>**REDACTED FOR PUBLIC FILING**<br><br>Case No. 2:08-CV-921 DB<br>District Judge Dee Benson<br><br>Magistrate Judge David Nuffer |

Plaintiff StorageCraft Technology Corporation (STC) moves to compel discovery from Defendant James Kirby.[1] The facts of this case are well summarized in the district judge's order granting partial summary judgment,[2] finding that Kirby retained STC intellectual property in violation of his warranty that he did not possess it[3] and that he transferred STC intellectual property to a third party in violation of copyright law.[4]

This motion to compel comes after that summary judgment ruling, and after a June 2011, order re-opening discovery for STC.[5] That order was based on evidence STC uncovered in discovery that

**REDACTED**

---

[1] StorageCraft Technology Corporation's Motion to Compel, docket no. 167, filed October 31, 2011.

[2] Memorandum Decision and Order, docket no. 153, filed July 14, 2011.

[3] *Id.* at 10-11.

[4] *Id.* at 12-13.

[5] Order Granting in Part Motion to Reconsider Rulings on Motions to Compel and Reopen Discovery (Order Reopening Discovery), docket no. 151, filed June 16, 2011.

**REDACTED**

The Order permitted STC to engage in the following discovery:

1. Written discovery and deposition testimony from James and Hannah Kirby regarding:

    a. The general scope of James Kirby's work for NetJapan and Rectiphy from March 1, 2009 through the present, and the specific scope of his work on source code which might infringe STC's intellectual property rights and/or constitute a breach of the 2005 Settlement Agreement;

    b. The Kirbys' communications with NetJapan and Rectiphy concerning STC's source code from October 19, 2005 through December 31, 2010; and

    c. All documents and information related to STC's source code, exchanged between the Kirbys and NetJapan or Rectiphy from October 19, 2005 through December 31, 2010.

2. Discovery from Leapfrog:

    a. for production of any communications or documents exchanged between Leapfrog, NetJapan and/or James or Hannah Kirby concerning STC's intellectual property, including its source code; and

    b. a Rule 30(b)(6) deposition on the same subject.

3. Discovery from Rectiphy

    a. Service of a subpoena seeking the production of any communications or documents exchanged between Rectiphy, Leapfrog, NetJapan and/or James or Hannah Kirby concerning STC's intellectual property, including its source code; and

    b. a Rule 30(b)(6) deposition of Rectiphy on the same subject.[7]

STC seeks to compel

    a. responses to discovery issued after the Order Reopening Discovery;

---

[6] Order Reopening Discovery at 1-2.

[7] *Id.* at 3-4.

2

    b. re-designation of certain documents Kirby produced with a "Highly Confidential" designation;

    c. production of certain attachments to emails; and

    d. responses to discovery issued prior to the Order Reopening Discovery.[8]

## Discussion

### Interrogatories

Kirby made several objections to new interrogatories 2 and 4 contained in STC's Fourth Set of Interrogatories.

> INTERROGATORY NO.2: Identify and describe in detail the scope of your work for NetJapan, from March 1, 2009 through the present, on source code, software architecture, and/or product features that are based on, relate to or are similar to STC IP, including any work on ActiveImage Protector.

> INTERROGATORY NO. 4: Identify and describe in detail the scope of your work for Rectiphy, from March 1, 2009 through the present, on source code, software architecture, and/or product features that are based on, relate to or are similar to STC IP, including any work on ActiveImage Protector.

These interrogatories are within the scope of the language in the Order Reopening Discovery permitting discovery of "[t]he general scope of James Kirby's work for NetJapan and Rectiphy from March 1, 2009 through the present."[9] The interrogatories specify work on various subjects and ask for detail but this is within the intended scope of discovery. Kirby's arguments about the definition of STC IP[10] and what was invented at what time serve only to illustrate why the discovery should be permitted. Unless STC can get a complete contextual picture, the evidence needed at trial will not be available. Pinpoint discovery is not feasible when one party holds all

---

[8] Memorandum in Support of StorageCraft Technology Corporation's Motion to Compel (Supporting Memorandum), at 20, docket no. 172, filed under seal October 31, 2011.

[9] Order Reopening Discovery at 4.

[10] Defendant's Opposition to Plaintiff's Motion to Compel (Opposing Memorandum) at 3-4, docket no. 176, filed under seal November 22, 2011.

the contextual information. These interrogatories shall be answered using the narrowed definition of STC IP: "the trade secrets, intellectual property and source code identified in the parties' 2005 Settlement Agreement."[11]

Similarly, Interrogatories 5-10 also seek information within the Order Reopening Discovery. While phrased differently than the Order, these interrogatories seek the communications, documents and information which the Order authorized STC to seek. Again, the narrowed definition of STC IP shall apply.

**Requests for Production**

Requests for Production Nos. 1 and 3 are near twins which Kirby has identically evaded. When asked for "documents that identify, describe or evidence the general scope of your work for Rectiphy [or NetJapan] from March 1, 2009 through the present" Kirby responded "he is unaware of any document that evidences the general scope of his work . . . , as no such document was prepared when Kirby began [work]."[12] In each instance, the response does not address the request. The request does not ask for his awareness, but does require he make a search. Second, the request is not limited to a single document but to any document which contributes to understanding the general scope of his work. The requests must be responded to as written.

Requests Nos. 2 and 4 must be answered for the same reasons given in the discussion of Interrogatories Nos. 1 and 3 above and Requests Nos. 5-10 must be answered for the same reasons given in the discussion of Interrogatories Nos. 5-10 above.

---

[11] Reply Memorandum in Support of StorageCraft Technology Corporation's Motion to Compel (Reply Memorandum), at 1, docket no. 179, filed under seal December 9, 2011.

[12] Defendant's Objections and Responses to Plaintiff's Sixth Set of Requests for Production of Documents, attached as Exhibit F to Supporting Memorandum.

The search terms used by Rectiphy and James and Hannah Kirby must also be expanded from the list used **REDACTED** to include **REDACTED**.[14] The production from Leapfrog including emails which contain searched terms but which were not produced also requires that Kirby certify that he has searched his email accounts with the addresses jkirby@netjapan.co.jp, jkirby@drinkredux.com and jkirby@reduxltd.com.[15]

**Designation of Documents as Highly Confidential**

Kirby alleges documents reflecting "the nature and status of NetJapan's relationship with its software subcontractor as well as documents relating to NetJapan's perceived advantages over STC" meet the standard of the Protective Order[16] because Kirby reasonably believes (or believes in good faith) that disclosure to the adverse party would cause competitive injury.[17] This is the standard to which the parties agreed in the Protective Order, and it governs, even though the "reasonable belief" standard does not meet the standard of Rule 26(c) which authorizes protection of information which is *actually* "trade secret or other confidential research, development, or commercial information."[18]

---

[13] Supporting Memorandum at 16.

[14] *Id.*, Reply Memorandum at 5.

[15] Supporting Memorandum at 16.

[16] Docket no. 57, filed December 12, 2009.

[17] *Id.* at ¶3.

[18] Fed. R. Civ. P. 26(c)(1)(G).

5

### Email Attachments

During the briefing of this motion Kirby "agree[d] to produce the attachments to the emails identified in STC's memorandum."[19] The attachments were not produced as of the time the Reply Memorandum was filed.[20]

### Renewal of Prior Discovery

STC sought to "renew" prior discovery requests by a letter.[21] The Order Reopening Discovery did not authorize reaching back to reopen prior discovery on topics not addressed in the Order.

---

[19] Opposing Memorandum) at 5.

[20] Reply Memorandum in at 6.

[21] Letter, September 21, 2011, Heather M. Sneddon to Richard F. Ensor, at 6 attached as Exhibit K to Supporting Memorandum.

## ORDER

Based on the reasoning above, IT IS HEREBY ORDERED that the motion to compel[22] is GRANTED IN PART as provided herein. Responses shall be provided on or before January 20, 2012.

IT IS FURTHER ORDERED that within seven days of this order, Plaintiff shall propose to Defendant a redacted version of this order to be filed in the public record. The parties shall meet and confer. Within fourteen days after entry of this order, the parties shall submit their agreed redacted version to mj.nuffer@utd.uscourts.gov, or if no agreement is reached, they shall submit their respective versions. If no redacted versions are filed, the magistrate judge will direct that this order be unsealed.

Dated December 30, 2011.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

[22] StorageCraft Technology Corporation's Motion to Compel, docket no. 167, filed October 31, 2011.