IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STORAGECRAFT TECHNOLOGY CORPORATION, a Utah corporation,<br><br>      Plaintiff,<br>v.<br><br>JAMES KIRBY, an individual, and JOHN DOES 1-10,<br>      Defendants. | MEMORANDUM DECISION and ORDER DENYING JAMES KIRBY'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW UNDER RULE 50(b)<br><br>Case No. 2:08-CV-921 DN<br>District Judge David Nuffer |

    On August 9, 2012 the jury returned a verdict in favor of Plaintiff Storagecraft Technology Corporation (STC) on each of its claims for breach of contract, copyright infringement and trade secret misappropriation against Defendant James Kirby (Kirby).[1] The jury awarded STC $2.92 million each on the breach of contract and trade secret misappropriation claims, and awarded $100,000 on the copyright infringement claim after finding the infringement was willful.[2] Prior to trial and to avoid double recovery by STC, the parties stipulated that STC would receive only the highest damage award given on any of the three claims,[3] and the jury was so instructed.[4] Before the case was submitted to the jury, Kirby made an oral motion for judgment as a matter of law under Rule 50(a)[5] on the breach of contract claim arguing that STC

---

[1] Jury Verdict for Plaintiff, docket no. 274, filed Aug. 9, 2012.

[2] *Id.*

[3] Stipulation Regarding Double Recovery, docket no. 260, filed Aug. 3, 2012.

[4] Jury Instruction 43, docket no. 273, filed Aug. 9, 2012.

[5] Fed. R. Civ. P. 50(a).

had not presented any damages on that issue.[6] The court denied the motion and permitted the issue of contract damages to go to the jury.[7]

On September 4, 2012, Kirby renewed his motion for judgment as a matter of law[8] under Rule 50(b),[9] arguing "STC failed to introduce any evidence or testimony to establish the purported amount of 'injury or loss' proximately cause by Kirby's breach of contract."[10]

## STANDARD OF REVIEW

A party is entitled to judgment as a matter of law "only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position."[11] The court must draw all reasonable inferences in favor of the nonmoving party and may not "weigh evidence, judge witness credibility, or challenge the factual conclusions of the jury."[12]

## DISCUSSION

In the 2005 Settlement Agreement between the parties, Kirby expressly agreed "not to use or disclose the trade secrets of StorageCraft, or to otherwise infringe or misappropriate the Intellectual Property of StorageCraft,"[13] including the VSnap source code. Kirby now concedes that his "failure to delete all STC confidential information constituted the breach of the

---

[6] Tr. of August 8, 2012 at 175:15-23, docket no. 308, filed Sept. 9, 2012.

[7] *Id.* at 176:9-10.

[8] Defendant's Renewed Motion for Judgment as a Matter of Law on Plaintiff's Breach of Contract Claim (Renewed Motion), docket no. 296, filed Sept. 4, 2012.

[9] Fed. R. Civ. P. 50(b).

[10] Renewed Motion at 1.

[11] *Phillips v. Hillcrest Med. Ctr.,* 244 F.3d 790, 796 (10th Cir. 2001) (internal quotations omitted).

[12] *Id.* (internal quotations omitted).

[13] Settlement Agreement, Plaintiff's Exhibit 48 ¶ 1.

contract."[14]  But he contends that STC did not present any evidence that it suffered any compensable harm as a result of Kirby's breach.[15]

STC counters that Kirby's breach included more than just his failure to delete STC's confidential information.  Beyond simply retaining STC's confidential information, Kirby also provided numerous copies of the VSnap code contained in emails copied onto a compact disc to David Crocker, a representative of NetJapan, STC's adversary and competitor.[16]  Crocker testified that he provided some of the emails from that disc, which may have contained the VSnap code, to his counsel at Burbidge, Mitchell & Gross and possibly to NetJapan.[17]

STC explained at trial that it sells, markets, manufactures and licenses its software products and technologies.[18]  STC allows a third party to have access to its technology only when the third party signs a confidentiality agreement and also pays a license or royalty fee for the technology.[19]  Under the 2005 Settlement Agreement, Kirby covenanted to return [and protect] all STC Intellectual Property.[20]  Should Kirby violate the Agreement and retain the VSnap source code, use it or disclose it to a third party, he would have to compensate STC for that retention, use or disclosure.  Consequently, STC was harmed when Kirby breached the Settlement Agreement.  "[B]y wrongfully retaining, disclosing and using STC's VSnap source

---

[14] Defendant's Memorandum in Support of his Renewed Motion for Judgment as a Matter of Law on Plaintiff's Breach of Contract Claim (Memo in Support) at 4, docket no. 297, filed Sept. 4, 2012.

[15] *Id.*

[16] Jury Instruction No. 8, docket No. 273, filed Aug. 9, 2012; Tr. of August 9, 2012 at 104:8-109:25, docket no. 308, filed Sept. 19, 2012; Plaintiff's Exhibits 31 and 33.

[17] Deposition of David Crocker on December 2, 2009 at 99:16-19, 101:5-22, 104:21-105:13, 107:1-8, 109:23-110:9, docket no. 313-1, attached as Exhibit A to StorageCraft Technology Corporation's Memorandum in Opposition to Kirby's Renewed Motion for Judgment as a Matter of Law on Breach of Contract Claim (Opposition), docket no. 313, filed September 21, 2012.

[18] Jury Instruction No. 8; Tr. of August 7, 2012 at 175:15-23, docket no. 315, filed under seal Sept. 24, 2012; Plaintiff's Exhibit 114.

[19] *Id.*

[20] Settlement Agreement, Plaintiff's Exhibit 48 ¶¶ 2, 4.

code, Kirby caused STC to lose the royalty or license fee that it would have otherwise been entitled to receive for its technology in the ordinary course of events."[21]

STC presented evidence that it was entitled to a reasonable royalty or license fee as damages for Kirby's breach.[22] STC's damages expert testified that the amount of a reasonable royalty or license fee for the VSnap source code at the time of Kirby's breach was $4.5 million.[23] The award is less than the amount to which the expert testified. Kirby did not provide any testimony rebutting the damages expert.

## CONCLUSION AND ORDER

STC presented sufficient evidence for the jury to reasonably find that Kirby's breach of the 2005 Settlement Agreement caused STC to suffer $2.92 million in damages as a reasonable royalty or license fee.

IT IS HEREBY ORDERED that Kirby's Renewed Motion for Judgment as a Matter of Law is DENIED.[24]

Signed November 19, 2012.

BY THE COURT

District Judge David Nuffer

---

[21] Opposition at 6.

[22] *See Celeritas Technologies, Ltd. V. Rockwell Int'l Corp.,* 150 F.3d 1354, 1359 (Fed. Cir. 1998) (holding award of damages for breach of contract was properly based on licensing fee established by expert testimony).

[23] Tr. of Aug. 9, 2012 at 182:8-202:6.

[24] Docket no. 296.