IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STORAGECRAFT TECHNOLOGY CORPORATION, a Utah corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>JAMES KIRBY, an individual, and JOHN DOES 1-10,<br>                    Defendants. | MEMORANDUM DECISION and ORDER DENYING JAMES KIRBY'S MOTION FOR NEW TRIAL<br><br>Case No. 2:08-CV-921 DN<br>District Judge David Nuffer |

On August 9, 2012 the jury returned a verdict in favor of Plaintiff Storagecraft Technology Corporation (STC) on each of its claims for breach of contract, copyright infringement and trade secret misappropriation against Defendant James Kirby (Kirby).[1]  The jury awarded STC $2.92 million each on the breach of contract and trade secret misappropriation claims, and awarded $100,000 on the copyright infringement claim after finding the infringement was willful.[2]  Prior to trial and to avoid double recovery by STC, the parties stipulated that STC would receive only the highest damage award given on any of the three claims,[3] and the jury was so instructed.[4]

On September 4, 2012, Kirby filed a motion for a new trial[5] under Rule 59(a),[6] arguing that "no evidence was presented that Kirby's 'disclosure or use' of the trade secret caused STC

---

[1] Jury Verdict for Plaintiff, docket no. 274, filed Aug. 9, 2012.

[2] *Id.*

[3] Stipulation Regarding Double Recovery, docket no. 260, filed Aug. 3, 2012.

[4] Jury Instruction 43, docket no. 273, filed Aug. 9, 2012.

[5] Defendant's Motion for New Trial (Motion), docket no. 298, filed Sept. 4, 2012.

[6] Fed. R. Civ. P. 59(a).

any actual 'loss or injury;' therefore, the jury's award of $2.9 million is against the clear weight of the evidence and is greatly excessive."[7]

## STANDARD OF REVIEW

"[T]he jury's award is inviolate unless . . . it [is] 'so excessive that it shocks the judicial conscience and raises an irresistible inference that passion, prejudice, corruption, or other improper cause invaded the trial.'"[8]  The court will grant a motion for a new trial only if the jury's verdict is "clearly, decidedly or overwhelmingly against the weight of the evidence."[9] When considering a motion under Rule 59 for a new trial, the court must view all evidence in the light most favorable to the prevailing party.[10]

## DISCUSSION

Kirby moves for a new trial arguing that the $2.92 million jury verdict was against the clear weight of the evidence and that the verdict "was excessive, unreasonable, and should shock the conscience of this Court given the lack of evidence that Kirby proximately caused any actual 'injury or loss' to STC."[11]  Kirby argues that a reasonable royalty should not have been used to determine the award because STC did not demonstrate an actual loss or injury cause by the misappropriation.

---

[7] Motion at 1.

[8] *Spahr v. Ferber Resorts*, 686 F. Supp. 2d 1214, 1217 (D. Utah 2010) (quoting *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 766 (10th Cir. 2009)).

[9] *Black v. Heib's Enters., Inc.,* 805 F.3d 360, 363 (10th Cir. 1986).

[10] *Spahr,* 686 F. Supp 2d at 1217 (citing *Escue v. N. Okla. College*, 450 F.3d 1146, 1156 (10th Cir. 2006)).

[11] Defendant's Memorandum in Support of his Motion for a New Trial (Memo in Support), docket no. 299, filed Sept. 4, 2012.

STC counters that it "presented more than sufficient evidence at trial to establish the harm caused by Kirby's wrongful retention, disclosure and use of STC's VSnap source code."[12] Testimony at trial showed that STC obtained a copyright for the VSnap source code because it was the core of all its products.[13]  Scott Barnes, STC's Chief Technology Officer, further testified that STC takes great measures to maintain the confidentiality of the VSnap code to protect its value to the company and its software products and technologies that it sells, markets, manufactures and licenses.[14]  STC allows a third party to have access to its technology only when the third party signs a confidentiality agreement and also pays a license or royalty fee for the technology.[15]  Thus, when Kirby retained and disclosed the VSnap source code to David Crocker, a representative of NetJapan, STC's adversary and competitor, Kirby compromised the confidentiality of the code and caused STC to lose the royalty or license fee that it would have otherwise been entitled to receive for its technology.  Due to Kirby's actions, STC must now disclose to potential purchasers and investors that the VSnap source code has been compromised, which could reduce value of the source code and STC.[16]  Consequently, when Kirby retained and disclosed the VSnap source code in violation of the 2005 Settlement Agreement, and without payment, he used the equivalent of an unrestricted license to the source code.  STC's damages expert, Patrick Kilbourne, testified that a reasonable royalty for an unrestricted license for the VSnap source code was at least $4.5 million.[17]  The jury discounted the expert's calculations and

---

[12] StorageCraft Technology Corporation's Memorandum in Opposition to Defendant's Motion for New Trial (Opposition) at 3, docket no. 314, filed Sept. 21, 2012.

[13] Tr. of Aug. 6, 2012 at 36:1-37:6, docket no. 306, filed Sept. 19, 2012; Plaintiff's Exhibit 44.

[14] Tr. of Aug. 9, 2012 at 121:13-125:19, docket no. 314, filed Sept. 21, 2012.

[15] Jury Instruction No. 8; Tr. of August 7, 2012 at 175:15-23, docket no. 315, filed under seal Sept. 24, 2012; Plaintiff's Exhibit 114.

[16] Tr. of Aug. 7, 2012 at 141:23-142:18, 143:3-10, 144:16-147:4.

[17] Tr. of Aug. 9, 2012 at 183:18-22.

awarded $2.92 million.  This reduced award does not shock the conscious of the court and it is not is "clearly, decidedly or overwhelmingly against the weight of the evidence"[18] presented at trial.

Additionally, the Utah Trade Secrets Act[19] clearly permits the use of a reasonable royalty to calculate damages for misappropriation liability, and states:  "In lieu of damages measured by any other methods, the damages caused by misappropriation may be measured by imposition of liability for a reasonable royalty for a misappropriator's ***unauthorized disclosure or use*** of a trade secret."[20]   As noted by another Federal District Court, "it is sufficient to show 'use' by disclosure of a trade secret with actual or constructive knowledge that the secret was acquired under circumstances giving rise to a duty to maintain its secrecy."[21]  The very essence of the 2005 Settlement Agreement was Kirby's covenant to return and protect all STC Intellectual Property.[22]  When Kirby disclosed the VSnap code, he did so with the knowledge that he had a duty to maintain its secrecy under the Settlement Agreement.  This is a sufficient showing of "use" for which the jury could reasonably conclude that Kirby's wrongful conduct caused STC substantial harm resulting an award of a reasonable royalty of $2.92 million.

## CONCLUSION AND ORDER

STC presented sufficient evidence for the jury to reasonably find that STC was substantially harmed by Kirby's misappropriation by wrongful disclosure and use of the VSnap source code and was entitled to an award of a reasonable royalty for in the amount of $2.92 million.  The jury's award, less than the amount to which the expert testified, is not "so excessive

---

[18] *Black,* 805 F.3d at 363.

[19] Utah Code Ann. §§ 13-24-1 to -9.

[20] Utah Code Ann. § 13-24-4 (emphasis added).

[21] *Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*, 923 F. Supp. 1231, 1257 n.31 (N.D. Cal. 1995).

[22] Settlement Agreement, Plaintiff's Exhibit 48 ¶¶ 2, 4.

that it shocks the judicial conscience and raises an irresistible inference that passion, prejudice, corruption, or other improper cause invaded the trial."[23]

IT IS HEREBY ORDERED that Kirby's Motion for New Trial is DENIED.[24]

Dated December 4, 2012.

BY THE COURT:

David Nuffer
United States District Judge

---

[23] *Spahr,* 686 F. Supp. 2d at 1217 (internal quotations and citations omitted).

[24] Docket no. 298.